# EXHIBIT A

SKAGEN DESIGNS

Bob Rowen
Counsel
775 336 5679
browen@skagendesigns.com

Genender International Imports Corporation
1061 W. Van Buren Street
Chicago, Illinois 60607

June 1, 2007

Via Hand Delivery
JCK Las Vegas

Re: Hamlin Watches

Dear Sirs:

It has come to the attention of Skagen Designs, Ltd. that Hamlin Watches is marketing a line of watches that bear a strong resemblance to Skagen watches and their design. Specifically, it appears that:

- Hamlin's "Men's Classic Italian Leather Watch With Blue Sunray Dial" is similar to Skagen model 433 (names of Hamlin watches are from www.hamlinwatches.net)
- Hamlin's "Men's Classic Stainless Steel Mesh Watch" and "Men's Classic Two Toned Mesh with Silver Sunray Dial" are similar to Skagen model 233
- Hamlin's "Men's Multi-Function Stainless Steel" watches are similar to Skagen model 331
- Hamlin's "Women's Classic Two Tone Mesh with Silver Sunray Dial" and "Women's Classic Stainless Steel Mesh with Pink Mother of Pearl Dial" are similar to Skagen's model 107
- Hamlin's "Women's Classic Stainless Steel Block Watch with Midnight Blue Dial" is similar to Skagen's model 380
- Hamlin's "Women's Metro Black Leather Watch" is similar to Skagen model 224

The above list is not intended to be exhaustive.

I attach copyrighted photographs of the Skagen watches and you can easily verify the strong similarities. Although one can point to individual variations in each watch, the similarity between watch cases is pronounced and the overall similarity between the watch lines is unmistakable. I also note in this respect similarity in the marketing of the

Skagen Designs, Ltd. • 840 Maestro Drive • Suite 100 • Reno, NV 89511 • USA • www.skagen.com
Toll free: 1.800.441.6764 • Telephone: 775.880.8500 • Fax 775.880.8590 • E-Mail: designs@skagen.com
New York Showroom: 358 5th Avenue • 5th Floor • New York, NY 10010 • 212.279.5510

**1**

watches: Hamlin's "ultra slim" is in this respect similar to Skagen's trademarked "Skagen Slimline".

Hamlin's marketing of a line of watches that are very nearly identical to established Skagen watches causes a risk of confusion on the market and constitutes inappropriate exploitation and unfair passing-off, capitalizing on the considerable goodwill and reputation of Skagen watches and their design. Customers may be led to believe that these watches incorporate Skagen's standards of design and performance, have been approved or authorized by Skagen, or are otherwise related to the Skagen line. The presence of the Hamlin trademark does not eliminate this confusion or passing-off.

Furthermore, the case on Skagen's watch model 380 is patented (US D515,947). Hamlin's Block Watch appears from the web photograph to infringe Skagen's rights in this design patent. You are hereby put on notice; claims for patent infringement are expressly reserved. A copy of this design patent is also attached.

As in all cases of this type, prompt action is essential in order to avoid irreparable damage to Skagen, its reputation and business relationships. Accordingly, it is hereby demanded that you cease and desist all marketing of the above indicated watch models, and any other watch models that are similar copies of Skagen watches. Without limitation, we hereby demand immediate removal of such watches from any trade display or other marketing at JCK Las Vegas.

Your prompt attention to these matters is appreciated. As I am sure you are aware, liability for infringement of intellectual property can be significant. It can include loss of profits and damages, which can be multiplied or enhanced if the infringement is found to be willful, or is willfully continued after notice.

Please indicate to our representatives at JCK your willingness to comply with these demands.

Lastly, we request that you provide us the name of the middleman or factory who provided you these designs. Your cooperation in this regard is appreciated.

Sincerely yours,

Bob Rowen
Counsel

2

US00D515947S

(12) **United States Design Patent**
Jorst et al.

(10) Patent No.: **US D515,947 S**
(45) Date of Patent: ** Feb. 28, 2006

(54) **WATCH**

(75) Inventors: Henrik Jorst, Reno, NV (US); Charlotte Jorst, Reno, NV (US); Scott Szybala, St. Louis, MO (US); Annette Lillegard, Reno, NV (US); Christian Mikkelsen, Aarhus (DK); Suen Hay Man, Causeway Bay (HK)

(73) Assignee: Skagen Designs, LTD, Reno, NV (US)

(**) Term: 14 Years

(21) Appl. No.: 29/224,110

(22) Filed: Feb. 23, 2005

(51) LOC (8) Cl. .................................... 10-02
(52) U.S. Cl. ........................................ D10/39
(58) Field of Classification Search ............ D10/30–39, D10/122–132; 368/276–278, 281–283, 285, 368/286, 294, 295, 82–84, 28–30, 37, 21, 368/239–242, 223, 228, 232, 80, 110, 113; 224/164, 168, 175
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 2,764,828 | A | * | 10/1956 | Wolaver | 40/115 |
| 3,735,585 | A | * | 5/1973 | Takagi | 368/281 |
| D289,018 | S | * | 3/1987 | Williams | D10/31 |
| 6,081,483 | A | * | 6/2000 | Capt et al. | 368/28 |
| D462,909 | S | * | 9/2002 | Catlin | D10/39 |
| D473,797 | S | * | 4/2003 | Berliat | D10/30 |
| D487,230 | S | * | 3/2004 | Dubarry | D10/39 |
| D487,402 | S | * | 3/2004 | Dubarry | D10/32 |
| D500,682 | S | * | 1/2005 | Lalo | D10/30 |

OTHER PUBLICATIONS

European Jeweler, Apr. 1973, p. 117, "Arctos" watch #114479.*
Swiss Watch and Jewelry Journal, Jan., 1995, p. 9, "Endura" watch.*
Swiss Watch and Jewelry Journal, Feb., 1999, p. 100, :Momo Design watch.*
Europa Star, Apr., 2000, p. 23, Vacheron Constantin watch, photograph on the right side of the page.*

* cited by examiner

*Primary Examiner*—Lucy Lieberman
(74) *Attorney, Agent, or Firm*—Abelman, Frayne & Schwab

(57) **CLAIM**

The ornamental design for a watch, as shown and described.

**DESCRIPTION**

FIG. 1 is a front and right side perspective view of a watch showing our new design;
FIG. 2 is a right side elevational view thereof;
FIG. 3 is a top plan view thereof;
FIG. 4 is a front elevational view thereof;
FIG. 5 is a left side elevational view thereof; and,
FIG. 6 is a rear elevational view thereof.
The broken lines showing portions of the watch in FIGS. 1 and 4 are for illustrative purposes only and do not form part of the claimed design.

**1 Claim, 3 Drawing Sheets**





FIG. 2



FIG. 1

*FIG. 3*





*FIG. 4*



FIG. 6



FIG. 5

SKAGEN DESIGNS 433



SKAGEN DESIGNS 233



SKAGEN DESIGNS 380



380 LSXC

SKAGEN DESIGNS 244



SKAGEN DESIGNS 107



SKAGEN DESIGNS 331



331 LSLB

SKAGEN DESIGNS 331



**13**

# EXHIBIT B

**S K A G E N** D E S I G N S

OSTROLENK, FABER
GERB & SOFFEN

JUL - 2 2007

**RECEIVED**

Bob Rowen
Counsel
775 336 5679
browen@skagendesigns.com

Robert C. Faber
Douglas A. Miro
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, NY 10036-8403

June 29, 2007

VIA FEDERAL EXPRESS AIRBILL 6920 2886 3810 AND EMAIL

Re: Skagen Designs v. Genender International

Dear Messrs. Faber and Miro:

I have received your letter dated June 22 and appreciate your attention to this matter. After consideration of your response and after lengthy consideration of the Hamlin line of watches marketed at the JCK Las Vegas show and presented in the brochure entitled "Hamlin® Ultra Thin", it is clear that Skagen has a very strong claim for design patent infringement and for trade dress infringement.

As to the design patent infringement (Skagen model 380, Hamlin model "Block Watch"), we have sought to obtain a copy of the Hamlin watch in order to have perspective beyond that provided by photographs. However, based on these photographs, the comparison between Skagen model 380 and Hamlin's "Block Watch" is striking – far more similar than a comparison between Skagen model 380 and any of the other watches which you present as "prior art watches incorporating this shape". (In fact, many of the other watches have either a tonneau (barrel), TV, or tank shape.) A cursory consideration of the various watches cannot fail to impress upon one the fact that the Skagen and Hamlin watches are nearly identical in shape and appearance and, *together*, bear many significant differences from the prior art.

Although in this case we believe infringement can be established by the simple test of "I know it when I see it", the specific areas of novelty and similarity are easily described. The novelty of the design is in its shape or outline of a bulging rectangle[1], the simplicity of the presentation, the relatively thin edges of the case (at least as compared to prior art), the sloping back to present a thin profile, the chrome border around the inner dial, and the two-level dial, repeating the outside shape in the face inset and then again in the date indicator. Taken as an integrated whole design, these features distinguish both the Skagen and Hamlin watches from the prior art and, therefore, Hamlin has infringed on the novelty of Skagen's design.

---

[1] The design patent drawings in fact convey a rectangular face.

**Skagen Designs, Ltd.** • 640 Maestro Drive • Suite 100 • Reno, NV 89511 • USA • www.skagen.com
**Toll Free:** 1.800.791.6784 • Telephone: 775.850.5500 • Fax: 775.850.5530 • E-Mail: designs@skagen.com

**1**

A simple chart illustrates several of the similarities:

| | Skagen | Hamlin | 1920 Elgin | 1931 Elgin | 1930 Waltham | Vintage Omega | Vintage Dubey | Frontenac | Sportsman |
|---|---|---|---|---|---|---|---|---|---|
| Bulging rectangle shape | yes | yes | yes | no | no | no | no | no | no |
| Simple hands, indicators | yes | yes | no | no | no | yes | no | no | no |
| Clean, thin edges | yes | yes | unclear | no | no | yes | no | no | maybe |
| Two-level dial | yes | yes | no | partly | no | no | no | no | partly |

The infringement is even more clear in the case of trade dress infringement, where one must consider, in addition to the infringement of the patented design elements, the similarity of the indicators, the similarity of the hands, the similarity of the watch bands and their attachment mechanism and the similarity in placement of the brand name and other information (e.g. "steel"), as well as what appears to be a similarity in face materials and color.

The elements of a claim for trade dress infringement under section 43(a) of the Lanham Act are (i) a protectable trade dress, and (ii) a likelihood of consumer confusion. Both elements are present as to the Hamlin "Block Watch" and as to the other watches presented in Hamlin's brochure.

As with many trade dress cases, a primary issue here is not the isolated copying of separate elements that make up Skagen's watches – such as case shape, band type, color, style of hands or style of indicators – but the copying of the overall combination of these elements: the overall "look". It is beyond dispute that individual unprotectable elements may be combined in such a manner as to create protectable trade dress. "Even if 'each element of a trade dress individually might not be inherently distinctive,…the combination of elements' may be indicative of source." Samara Brothers, Inc. v. Judy Philippine, Inc., 969 F. Supp 895 (S.D.N.Y. 1997) (subsequent history omitted), quoting Landscape Forms, Inc. v. Columbia Cascade Co. (citation omitted), quoting Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc. (citation omitted).

Both the Wal-Mart case (whose lower court opinion I just cited), and Two Pesos, Inc. v. Taco Cabana, 505 U.S. 763 (1992) – demonstrate how common unprotectable elements can be combined to create a protectable trade dress.

Although the Second Circuit's ruling in the Wal-Mart case was overruled and remanded as to the issue of secondary meaning (further discussed below), the Court's approach to determining infringement of a protectable trade dress is still good law. The Second Circuit outlined the elements of the product line that created the "Samara look", and noted that it is "the method by which the design elements are combined" rather than the copying of any one element that creates the protectable trade dress. Samara Brothers,

**2**

Inc. v. Wal-Mart Stores, Inc., 165 F 3.d 120, 128-129 (2nd Cir. 1998)(rev'd and remanded, 529 U.S. 205 (2000).

We are confident that we can establish the 'secondary meaning" required by the Supreme Court on its review of the Second Circuit's decision. The Skagen look has acquired secondary meaning and distinctiveness through Skagen's consistent and substantial marketing efforts over a period approaching twenty years. Most anyone familiar with the current watch market would acknowledge the "Skagen look" and many can describe its specific qualities. We have shown the Hamlin brochure to a number of individuals and, without exception, they have remarked that the watches present the Skagen look. We have no doubt that a market survey will dramatically confirm both the 'secondary meaning' of the Skagen look as well as the likelihood of confusion created by Hamlin's similar product.

A casual consideration of the Hamlin and Skagen watches demonstrates the extraordinary extent to which Hamlin has copied Skagen's designs. Specifically and without limitation, we believe a Court will be persuaded by the following facts:

1. All the watches cases presented on the Hamlin® Ultra Thin brochure are very similar to existing and established Skagen models.
2. All the watches contain the same elements of Skagen's Danish-inspired designs:
   a. a simple and clean presentation
   b. a thin and sleek presentation, including tapered sides
   c. simple indicators using a clean typeface
   d. simple hands
   e. repetition of the case shape on the face, through inset (two-level dial) or otherwise
   f. bands integrated with the case
   g. similar colors and materials on many dials, including mother of pearl and metallic blue
3. All the watches contain the same bands or straps as used on comparable Skagen watch models.
4. Thinness of the watch is a sales feature.

Again, a few simple charts illustrate the striking similarities of the Skagen and Hamlin watches, *as compared to the watches you present as also being similar*[2]:

---

[2] We are reviewing our objections to the Hamlin's Women's Classic Mesh (similar to Skagen 107) and to Hamlin's Men's Classic Stainless Steel Watch (similar to Skagen model 233), in light of the evidence of extensive copying that you have provided.

**3**

| Hamlin Women's Metro Black Leather Watch | Skagen 224 | Hamlin | Movado | Patek 1936 | Patek 1941 | Vacheron | |
|---|---|---|---|---|---|---|---|
| Rectangular shape with case leg extension sandwiching the band | yes | yes | no | no | no | no | |
| Simple hands, indicators | yes | yes | yes | yes | yes | no | |
| Clean, thin edges | yes | yes | yes | no | unclear | unclear | |
| Two-level dial | yes | yes | no | no | no | yes | |
| | | | | | | | |
| Hamlin Men's Classic Italian Leather Watch | Skagen 433 | Hamlin | Girard Richeville | Girard President | Benrus | | |
| Thin circular shape | yes | yes | no | no | yes | | |
| Two-level dial | yes | yes | yes | no | no | | |
| Simple hands, indicators | yes | yes | yes | yes | no | | |
| Integrated band | yes | yes | no | no | no | | |
| | | | | | | | |
| Hamlin Men's Multi-Function Stainless Steel Watch | Skagen 331 | Hamlin | Klein | Montblanc | Gubelin | Clebar | Blancpain |
| Thin circular shape | yes | yes | unclear | no | no | no | unclear |
| Same size, shape, placement, inner dials | yes | yes | no | no | no | no | yes |
| Two-level dial | yes | yes | no | no | no | no | no |
| Simple hands, indicators | yes | yes | yes | yes | yes | no | no |
| Integrated band | yes | yes | unclear | no | no | no | no |
| | | | | | | | |
| Hamlin Women's Classic Stainless Steel Block Watch | Skagen 380 | Hamlin | Hamilton | Bulova | Croton | Yves St. Laurent | |
| Bulging rectangle shape | yes | yes | no | no | no | no | |
| Simple hands, indicators | yes | yes | no | yes | yes | no | |
| Clean, thin edges | yes | yes | no | yes | no | no | |
| Two-level dial | yes | yes | no | no | no | no | |

Please note that this examination is based on the photos you presented and, for simplicity of presentation, we have overlooked at this stage minor differences in the other watches that distinguish them from the 'Skagen look'. For instance, although the indicators and

**4**

hands on the Calvin Klein watch (which you present as similar to the Skagen 331 and the Hamlin Men's Multi-Function Stainless Steel Watch) are "simple", the indicators are quite different from the similar indicators on the Skagen and Hamlin watches. Also, unlike many of the watches presented as comparables, the Hamlin watches incorporate the tapered backs and slim design that has been a signature aspect of Skagen watches for many years.[3] Thus, the above chart understates the relative similarities between the Skagen and Hamlin watches. A closer examination reveals the slavish copying of many details – such as the inset chrome border around the inner dial on Skagen Model 224, which has been copied on Hamlin's "Metro Black Leather Watch".

Several of Hamlin's mesh watches also appear to employ Skagen's patented double-locking clasp mechanism, USP 5,870,803. Please provide sketches or samples of the band clasp so that we may determine the extent of infringement of this patent.

We appreciate the sentiments expressed in your letter, that it is Genender's policy not to infringe upon the intellectual property rights of others, and are desirous of reaching a settlement of this matter. Accordingly, in order to avoid a lawsuit, we seek the agreement of Genender:

1. Acknowledging Skagen's intellectual property rights in patent and in trade dress;
2. Agreeing to immediately discontinue production of its "Block Watch" models, and any other model which infringes patent USD515,947;
3. Agreeing to immediately cease any marketing or promotion that specifically conveys a "Skagen look": specifically, from selling watches that include case shapes used by Skagen, two-level dials, and the simple design elements of Skagen indicators, hands and other components. This would not preclude Genender from manufacturing, importing or selling any design which is first introduced by Genender.
4. Agreeing to cease selling any models that infringe Skagen's double-locking clasp patent absent a royalty arrangement, and payment of royalties on past production.

I have copied this letter to our law firm so that they may be prepared to commence litigation, should that become necessary. We look forward to your response.

Cordially yours,

Robert M. Rowen

cc: Henrik Jorst
    Larry Abelman

---

[3] Skagen does not assert ownership interest in the concept of tapered sides any more than it asserts an ownership interest in simple indicators and simple hands. As was the case in Two Pesos and Wal-Mart, it is the combination of a number of elements into a unique look that creates the protectable trade dress.

# EXHIBIT C

# SKAGEN DESIGNS

Bob Rowen
Counsel
775 336 5679
hrowen@skagendesigns.com

VIA TELEFAX AND MAIL
(212) 382-0888

Robert C. Faber
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, NY 10036-8403

October 5, 2007

Re:    Skagen Designs vs. Genender International

Dear Mr. Faber:

    I have reviewed this matter again with Skagen Designs management, now with the benefit of having several of the actual Hamlin watches before us. The striking physical similarity of the watches confirms to Skagen that Genender has, in fact, intentionally appropriated the elements of Skagen's trade dress in an attempt to present a line that looks and feels similar to the Skagen line. Such similarities have extended beyond the actual watch design to the accompanying hang tag and other elements. We believe this has and will continue to result in customer confusion and thereby constitutes trade dress infringement. We believe that the copying of several watches to create a line similar to Skagen's signature look is, in itself, legally significant and are prepared to advance such claims before a court. See, Roulo v. Russ Berrie & Co., 886 F. 2d 931 (7th Cir. 1989), cert. den., 493 U.S. 1075 (1990).

    Although you and I have had some discussions regarding the degree of changes necessary to resolve Skagen's claim of infringement, it is not Skagen's responsibility to enumerate modifications to the line that would eliminate the infringement. Most simply stated, it is not Skagen's business to design Hamlin watches. With regard to several of the models, such as Hamlin style 301 as to which Skagen holds a design patent on the watch case, changes to the dial, hands, indicators, etc. do not eliminate the infringement. With regard to other models, the copying of Skagen's designs are so thorough as to necessitate several changes in order to eliminate customer confusion – particularly given the copying of an entire line. We believe a court would be impressed by the similarity of the watch cases, the similarity of the watch-band integrations, the similarity of the watch faces and the similarity of the marketing presentation.

    We demand that Genender cease production of the watches on the attached brochure and remove all watches in this line from stores by no later than November 1,

Skagen Designs, Ltd. • 640 Maestro Drive • Suite 100 • Reno, NV 89511 • USA • www.skagen.com
Toll Free: 1.800.701.6784 • Telephone: 775.850.5600 • Fax: 775.850.5630 • E-Mail: designs@skagen.com
New York Showroom: 339 5th Avenue • 5th Floor • New York, NY 10016 • 212.779.5910

**1**

2007. Should you wish to present a more specific settlement offer, I will discuss it with management. Should Genender not agree to eliminate the infringement, we will have no alternative but to press our claims, including against any retailer carrying this line.

Sincerely yours,

Robert M. Rowen
Counsel

**2**



HAMM0305004
$145.00

HAMM03G3003
$125.00

HAMLIN®
ULTRA THIN

HAMM0304002
$70.00

HAYLB3029G3
$105.00

HAMLIN®
ULTRA THIN

HAMM0305008
$135.00

HAMLIN may be the most comfortable AND stylish watch you've ever worn.

Patented Double Curve Technology and Ultra Thin Case Design means less contact with your wrist, more air circulation and more comfort.

HAMM0303013
$110.00

HAYLB3030G5
$110.00

**3**

# HAMLIN
## ULTRA THIN

Slim down your watch...
don't give up your style.

HAM L03100004
$110.00

HAML03040003
$85.00

HAM L03102002
$70.00

HAMM03040003
$75.00

HAMM03011005
$120.00

HAML03102003
$75.00

HAML03101001
$125.00

HAMM03003004
$100.00

• Ultra Thin Design
• Stainless Steel Cases
• Water Resistant

**4**

# EXHIBIT D



US00D515947S

(12) **United States Design Patent**
Jorst et al.

(10) Patent No.: **US D515,947 S**

(45) Date of Patent: ** **Feb. 28, 2006**

(54) **WATCH**

(75) Inventors: **Henrik Jorst**, Reno, NV (US); **Charlotte Jorst**, Reno, NV (US); **Scott Szybala**, St. Louis, MO (US); **Annette Lillegard**, Reno, NV (US); **Christian Mikkelsen**, Aarhus (DK); **Suen Hay Man**, Causeway Bay (HK)

(73) Assignee: **Skagen Designs, LTD**, Reno, NV (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/224,110**

(22) Filed: **Feb. 23, 2005**

(51) **LOC (8) Cl.** .................................................. **10-02**
(52) **U.S. Cl.** ...................................................... **D10/39**
(58) **Field of Classification Search** ........... D10/30–39, D10/122–132; 368/276–278, 281–283, 285, 368/286, 294, 295, 82–84, 28–30, 37, 21, 368/239–242, 223, 228, 232, 80, 110, 113; 224/164, 168, 175
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,764,828 | A | * 10/1956 | Wolaver | 40/115 |
| 3,735,585 | A | * 5/1973 | Takagi | 368/281 |
| D289,018 | S | * 3/1987 | Williams | D10/31 |
| 6,081,483 | A | * 6/2000 | Capt et al. | 368/28 |
| D462,909 | S | * 9/2002 | Cattin | D10/39 |
| D473,797 | S | * 4/2003 | Berliat | D10/30 |
| D487,230 | S | * 3/2004 | Dubarry | D10/39 |
| D487,402 | S | * 3/2004 | Dubarry | D10/32 |
| D500,682 | S | * 1/2005 | Lalo | D10/30 |

OTHER PUBLICATIONS

European Jeweler, Apr. 1973, p. 117, "Arctos" watch #114479.*
Swiss Watch and Jewelry Journal, Jan., 1995, p. 9, "Endura" watch.*
Swiss Watch and Jewelry Journal, Feb., 1999, p. 100, :Momo Design watch.*
Europa Star, Apr., 2000, p. 23, Vacheron Constantin watch, photograph on the right side of the page.*

* cited by examiner

*Primary Examiner*—Lucy Lieberman
(74) *Attorney, Agent, or Firm*—Abelman, Frayne & Schwab

(57) **CLAIM**

The ornamental design for a watch, as shown and described.

**DESCRIPTION**

FIG. 1 is a front and right side perspective view of a watch showing our new design;
FIG. 2 is a right side elevational view thereof;
FIG. 3 is a top plan view thereof;
FIG. 4 is a front elevational view thereof;
FIG. 5 is a left side elevational view thereof; and,
FIG. 6 is a rear elevational view thereof.
The broken lines showing portions of the watch in FIGS. 1 and 4 are for illustrative purposes only and do not form part of the claimed design.

**1 Claim, 3 Drawing Sheets**







*FIG. 2*

*FIG. 1*

*FIG. 3*





*FIG. 4*



FIG. 6



FIG. 5

# EXHIBIT E

SKAGEN DESIGNS 433



# EXHIBIT F

SKAGEN DESIGNS 233



# EXHIBIT G

SKAGEN DESIGNS 380



380 LSXC

# EXHIBIT H

SKAGEN   DESIGNS 244



# EXHIBIT I

SKAGEN DESIGNS 107



# EXHIBIT J

SKAGEN DESIGNS 331



331 LSLB

# EXHIBIT K

SKAGEN DESIGNS 331

