# EXHIBIT L

# OSTROLENK, FABER, GERB & SOFFEN, LLP

### 1180 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036-8403
### TEL 212 382 0700  FAX 212 382 0888  FAX 212 398 0681
### email@ostrolenk.com

| PARTNERS | | ASSOCIATES | | OF COUNSEL | *DC BAR |
|---|---|---|---|---|---|
| SAMUEL H. WEINER | CHARLES P. LAPOLLA | JOEL J. FELBER** | JEFF KIRSHNER | MARTIN PFEFFER | **CONNECTICUT BARS |
| ROBERT C. FABER | DOUGLAS A. MIRO | KOUROSH SALEHI** | ART C. CODY | LAWRENCE A HOFFMAN | WASHINGTON OFFICE |
| MAX MOSKOWITZ | PETER S. SLOANE | DOUGLAS Q. HAHN | ERICKA K. DEWEY | MARTIN J. BERAN | 1725 K STREET, N. W. |
| JAMES A. FINDER | | MICHAEL I. MARKOWITZ | KELLY M. BARGMANN | PAUL GRANDINETTI* | WASHINGTON, D.C. 20006 |
| WILLIAM O. GRAY, III | | CHARLES P GUARINO | BELLA KARAKIS | MARK A. FARLEY | TEL 202 457 7785 |
| LOUIS C DUJMICH | | KEITH J. BARKAUS | DAVID J TORRENTE | GEORGE BRIEGER | FAX 202 429 8919 |

Writer's E-Mail:
dmiro@ostrolenk.com

June 22, 2007

<u>VIA E-Mail and FEDEX</u>
Bob Rowen, Esq.
Counsel
Skagen Designs Ltd.
640 Maestro Drive, Suite 100
Reno, NV 89511

      Re:    OFGS Ref.:  7/5052-5
                Skagen Designs Ltd. v. Genender International Inc.

Dear Mr. Rowen:

This is further to our June 15, 2007 letter and responds to your June 1, 2007 letter to Genender International Inc ("GII").

We have investigated your claims that GII's watch designs infringe upon Skagen's intellectual property rights to its watches. Please be assured that it is GII's policy not to infringe upon the intellectual property rights of others, and GII is sensitive to allegations that could potentially damage its reputation in the industry.

For the reasons set forth below, we do not find any of your claims to be persuasive. Not only has Skagen not demonstrated that it has any protectable rights to any of its watches, but even if it did, GII has not violated any of Skagen's intellectual property rights. GII's watch designs are materially different from Skagen's watches in many ways, including but not limited to branding, packaging, dial designs, hand designs, and overall design.

We respond to your allegations as best we can understand them.

OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 2 of 20

## Skagen Design Patent No. D515, 947 (the'947 Patent)

The Hamlin Block Watch does not infringe the '947 Patent. To establish infringement of a design patent, the patentee must prove both "substantial similarity" and appropriation of the "points of novelty." Sun Hill Indus. v. Easter Unlimited, 48 F.3d 1193, 1197, 33 U.S.P.Q.2d 1925 (Fed. Cir. 1995) (citing Shelcore, Inc. v. Durham Indus., Inc., 745 F.2d 621, 628 n.16, 223 U.S.P.Q. 584, 590 n.17 (Fed. Cir. 1984)). Here, Skagen cannot prove either of these factors. The '947 design and the Hamlin Block Watch are not substantially the same. Also, whatever similarities there are between the watches are attributable to old, nonprotectable features and not to any point of novelty.

For the first factor, the patented and accused designs are compared for overall substantial visual similarity:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

Gorham Co. v. White, 81 U.S. 511, 528 (1871).

In analyzing visual similarity, "[w]here... a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental." Elmer v. ICC Fabricating, 67 F.3d 1571, 1577, 36 U.S.P.Q.2D (BNA) 1417 (Fed. Cir. 1995) (citing Read Corp. v. Portec, Inc., 970 F.2d 816, 825, 23 U.S.P.Q.2D (BNA) 1426, 1434 (Fed. Cir 1992)).

In the second part, not only must the two designs be substantially similar, but for there to be infringement, "the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art." Avia Group Int'l, Inc. v. L.A. Gear Calif., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988) (citing Shelcore, at 628). This is sometimes referenced to as the "point of novelty" test. However, the ultimate question requires determining whether "the effect of the whole design [is] substantially the same." Gorham, at 530.

Here, comparing the ornamental features of the Hamlin Block watch and the'947 patent leads to the inescapable conclusion that there are so many differences between the watches as to render the appearances substantially different. For instance, the Hamlin Block watch has a rectangular shaped case, while the '947 patent is square shaped. The Hamlin watch has a wide flange on the top and bottom ends of the watchcase to which the strap is attached, while the '947 patent does not have this feature. This omission also makes the designs substantially different from the side and bottom views.

Not only are the watches not substantially similar in appearance, but it does not appear that the Hamlin Block Watch includes any point of novelty of the '947 patent design. The main feature of the

OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 3 of 20

'947 patent is the square, round-sided overall shape. But that shape is old. Once you factor out that old shape, there are no novel features to the '947 patent design.

Here are some examples of prior art watches incorporating this shape:

|  |  |  |
|---|---|---|
| The watch pictured above is a 1920 Elgin watch | The watch pictured above is a 1931 Elgin watch model 1602 | The watch pictured above is a 1930 Waltham. |
| SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 47, 112 | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 45 | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 47, 112 |

OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 4 of 20



Vintage Omega – no lugs
SOURCE: **www.brittons-watches.co.uk**



Vintage Dubey & Schaldenbrand
Aerodyn – no lugs
SOURCE:
**www.collectorstime.com/new.htm**



1930 Illinois "Frontenac"
SOURCE:
Vintage American & European Wrist Watch Price
Guide First Edition, by Sherry Ehrhardt & Peter
Planes, published by Heart of America Press,
Copyrighted in 1984, ISBN: 0-913902-51-9, page
154



1929 Illinois Ollendorff "Sportsman"
SOURCE:
Vintage American & European Wrist Watch Price
Guide First Edition, by Sherry Ehrhardt & Peter
Planes, published by Heart of America Press,
Copyrighted in 1984, ISBN: 0-913902-51-9, page
205

# OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 5 of 20

As you can see from this extensive body of prior art, there is clearly nothing novel nor protectable about the watch design of the '947 patent.

## Copyright

You claim that the Hamlin watch designs are similar to the "copyrighted photographs of the Skagen watches." You do not identify any copyright registrations, so we assume you are referring to copyrights in the photographs of the watches. GII, however, did not copy any photographs of Skagen watches, so there cannot be any copyright infringement as you allege.

Even assuming that you were referring to copyrights in the watches themselves, rather than in the photographs of the watches, there still can be no copyright infringement. Generally speaking, copyright registrations are not available for basic watch designs such as the Skagen watches you identify in your letter. Moreover, our search of the U.S. Copyright Office records has not identified a single registration for Skagen's watches.

As you undoubtedly know, copyright may subsist in original pictorial, graphic, and sculptural works, which may include two-dimensional and three-dimensional works of fine, graphic, and applied art. 17 U.S.C §101, et. seq.. Although jewelry is generally protected by copyright, watches are not. The U.S. Copyright Office has taken the position that watches are "useful articles" with an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information and thus are not protected by copyright. *See* for example, Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260 F. 2d 637, 119 U.S.P.Q. (BNA) (2nd Cir. 1958) (where the Register of Copyrights refused to accept a watch as copyrightable under a statute allowing registration of copyrights of works of art and models or designs for works of art, so that there could be no action for infringement of copyright) and Gucci Timepieces Am. v. Yidah Watch Co., 1998 U.S. Dist. LEXIS 15972; 47 U.S.P.Q.2d (BNA) 1938 (D.Cal. 1998) (where a preliminary injunction was initially granted on the basis of a valid copyright registration but the registration was subsequently canceled on grounds that a watch does not contain copyrightable authorship and is a useful article).

If a watch design were to be copyrightable, it would only protect those pictorial, graphic, or sculptural elements that are original works of authorship and that can be identified separately from the utilitarian aspects of an object. Swatch, S.A. v. Siu Wong Wholesale 1992 U.S. Dist. LEXIS 8358 (S.D.N.Y 1992). In the Swatch case, the watch copyright registration that was at issue is set forth below:



OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 6 of 20

Swatch was only able to obtain a copyright registration for the features related to the floating fish motif on the band, rather than the shape of the watch itself. This is because those features were found to be pictorial, graphic, or sculptural elements that can be identified separately from the utilitarian aspects of the watch.

Here, you claim that the Hamlin watch designs are similar to Skagen's designs. But that allegation does not support a copyright infringement claim because as explained above, the general shape of the Skagen watches are not copyrightable. We do not see any separable pictorial, graphic, or sculptural elements akin to the Swatch floating fish motif in any of the Skagen watches that would qualify for copyright protection. But even if copyrightable separable elements somehow did exist, we do not believe that the GII watch designs include such elements.

### Trademark

You appear to claim trademark infringement based upon the SKAGEN SLIMLINE mark as well as the shapes of the watches themselves. We will deal with each of these allegations in turn.

GII's use of the clearly descriptive, laudatory term "Ultra Thin" is not likely to cause confusion with Skagen's registered trademark for SKAGEN SLIMLINE. They share no words in common. The generic terms "slim" and "thin" describe respective physical characteristics of the watches. This would not form a basis for trademark infringement because generic terms, which are common descriptive names for a product or service, are not protectable. Park 'N Fly v. Dollar Park & Fly, 469 U.S. 189, 194 (1985).

The terms slim and thin are generic in connection with watches because many companies have a long history of using those or similar terms to market slim or thin watches. There is certainly nothing unique about marketing such a line of watches. Some of these companies are GRUEN, SWATCH, BULOVA, OMEGA, HAMILTON, ESQ. CITIZEN, SEIKO, MICHELE, DIESEL, DKNY, LONGINES, CK AND PATEK PHILLIPPE. To be sure, PATEK PHILIPPE and GRUEN have marketed slim watches for over 60-years, including this 1940's era GRUEN watch that used the VERI THIN trademark:

OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 7 of 20



GRUEN, 1940s. The enamel
painted dial has 24 hour markings
using Arabic numerals reflecting
the military mode of timekeeping.
It also has a red sweep seconds
hand. The case has a gold-plated
bezel and stainless steel back. 17-
jeweled Precision movement.

You next state in your letter that GII's watches are nearly identical to "established Skagen watches," cause "a risk of confusion" in the market and "constitutes inappropriate exploitation and unfair passing off". We respectfully disagree.

First off, your passing off claim is a very serious but erroneous accusation. Passing off occurs when a producer misrepresents its own goods or services as those of someone else's. Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28, n.1 (2003). GII has never taken any action that would cause a consumer to associate GII with Skagen. To the contrary, GII's watch designs, as well as its packaging, slogans, brochures, hang tags, warranties, displays, dial markings, and case back markings all differentiate GII's watches from all other designs in the market.

If you claim that the watches themselves are protectable as a trademark or trade dress, once again you fail to state any protectable trademark right that Skagen owns in its watches. Trademark protection for a watch design (referred to as product configuration trade dress) is only available if that watch design has acquired distinctiveness and secondary meaning, i.e., the watch design functions as a trademark of the manufacturer. For the reasons discussed below, it is our opinion that none of the Skagen watches constitute protectable trade dress because none of the designs have acquired, nor are they capable of acquiring, secondary meaning. Moreover, your broad claim that Skagen's *line* of watches is somehow protectable trade dress, is contrary to Skagen's ultimate burden of proof that *each of the individual* watches be distinctive.

OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 8 of 20

For a trademark and/or trade dress in a product design (such as each of the Skagen watches) to be valid, it must serve as an indicator of source for the product. Wal-Mart Stores v. Samara Bros., 529 U.S. 205, 212 (2000). The Court in Wal-Mart reiterated its previous statement that some categories of marks do not have inherent distinctiveness ("product design almost invariably serves purposes other than source identification"). Id. at 213. The Supreme Court has noted that in order to protect a product design as trade dress, the design must have acquired distinctiveness through secondary meaning. In our opinion, each of the Skagen watches would fall under the category of product design, requiring Skagen to prove that each of its watches has acquired secondary meaning (in whole or in part) to prevail on a trade dress claim.

Secondary meaning occurs when, "in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product itself." Inwood Labs. v. Ives Labs., 456 U.S. 844, 851, n.11 (1982). Here, since each of the Skagen watches is a product design, they are not inherently distinctive. You have not presented any evidence to show that the watches or any particular element(s) thereof have acquired secondary meaning. Nor do we believe that Skagen can present sufficient evidence to show acquired distinctiveness through secondary meaning. None of the Skagen watches include any distinctive feature(s) that a consumer utilizes to identify the source of the watch, rather than the watch itself. There are many similar third party watch designs (see, for example, Appendix A) that have been marketed prior to Skagen's adoption of its watches, and are still being marketed. Indeed, if you look at any large watch brand's product offerings, you will likely find styles that are very similar to the Skagen watches.

Moreover, even if the Skagen watches were somehow protectable, Skagen would still not be able to prove that any of the GII watch designs are confusingly similar to any of the Skagen watches. Any trade dress protection Skagen would be afforded would be weak in view of the many third party watch designs. As a result of this narrow scope of protection, and as can be seen in Appendix A, the many apparent differences between the Skagen watches and the GII watch designs would be sufficient to avoid likelihood of confusion, e.g., the shape of the watches, the packaging, slogans, brochures, hang tags, warranties, displays, dial markings, and case back markings.

****

In conclusion, we believe that Skagen has failed to demonstrate that any of its watches are protectable or that GII has violated any rights that Skagen may have in such designs.

We trust that this now lays this matter to rest.

Very truly yours,
OSTROLENK, FABER, GERB & SOFFEN, LLP

Robert C. Faber
Douglas A. Miro

DAM:spm

OSTROLENK, FABER, GERB & SOFFEN, LLP

Bob Rowen, Esq.
June 22, 2007
Page 9 of 20


bcc:    Ken Genender
        Amy Genender
        Leslie Margulis

OSTROLENK, FABER, GERB & SOFFEN, LLP

# APPENDIX A

Hamlin Women's Classic Mesh and Skagen Design 107:



| Skagen Design 107 | Hamlin Ultra Thin |

Other watches currently in the marketplace show that the Skagen design is not distinctive:



| Calvin Klein Mesh Watch | Longines Ladies Mesh Watch | Calvin Klein Mesh Watch |

OSTROLENK, FABER, GERB & SOFFEN, LLP



| | | |
|---|---|---|
| Bulova logo watch | DKNY Mini mesh | Mathey Tissot |

Older designs also demonstrate that the Skagen design is not distinctive:

  

| | | |
|---|---|---|
| Vintage Blancpain mesh watch SOURCE: http://www.europeanwatch.com/9180.htm | 1930 Patek Philippe SOURCE: Vintage American & European Wrist Watch Price Guide First Edition, by Sherry Ehrhardt & Peter Planes, published by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 223 | 1930 Ingersoll "Mite" SOURCE: Vintage American & European Wrist Watch Price Guide First Edition, by Sherry Ehrhardt & Peter Planes, published by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 163, 164 |

OSTROLENK, FABER, GERB & SOFFEN, LLP

Hamlin's Women's Metro Black Leather Watch and Skagen Model 224:



| Skagen Design 224 | Hamlin Ultra Thin |

Other watches currently in the marketplace that shows that the Skagen design is not distinctive:



Older designs that demonstrate that the Skagen design is not distinctive:

## Ostrolenk, Faber, Gerb & Soffen, llp





Patek Philippe "Ultra-Thin Man's Gold Bracelet". Case, dial and bracelet display the identical textured gold look in this rectangular design. ca 1967. 18K yellow gold $2,500–2,800
18K white gold . . . . . . . . . . 2,200–2,500

| | |
|---|---|
| Patek Philippe 1936<br>SOURCE: Antiquorum Auctioners Since 1974: Important Watches to be offered for sale by auction April 1999, published by Antiquorum Auctioneers, page 301 | Patek Philippe 1941 Ultra Thin – integrated case into bracelet<br>SOURCE: Vintage American & European Wrist Watch Price Guide First Edition, by Sherry Ehrhardt & Peter Planes, published by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 232 |
| <br>Vacheron Constantin – 1940<br>SOURCE: Vintage American & European Wrist Watch Price Guide First Edition, by Sherry Ehrhardt & Peter Planes, published by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 296 | |

OSTROLENK, FABER, GERB & SOFFEN, LLP

Hamlin's Men's Classic Italian Leather Watch and Skagen Model 433:



| Skagen Design 433 | Hamlin Ultra Thin |

Other watches that show that the Skagen design is not distinctive:

  

Girard Perregaux Richeville
SOURCE: Watches: A
Comprehensive Buyer's Guide of
the World's Most Prestigious

Girard Perregaux President
SOURCE: Watches: A
Comprehensive Buyer's Guide of
the World's Most Prestigious

1940 Antique Benrus Watch
SOURCE: **www.farfo.com**

OSTROLENK, FABER, GERB & SOFFEN, LLP

| Watches, Volume 4, Published by World Watch Publishing Inc., New York, NY, ISSN: 1077-9221 Page 224 | Watches, Volume 4, Published by World Watch Publishing Inc., New York, NY, ISSN: 1077-9221 Page 216 | | |
|---|---|---|---|

Hamlin's Men's Classic Stainless Steel Mesh Watch and Skagen Model 233:



| Skagen Design 233 | Hamlin Ultra Thin |
|---|---|

{00847142.3}

## OSTROLENK, FABER, GERB & SOFFEN, LLP

Other watches currently in the marketplace that shows that the Skagen design is not distinctive:



| | | |
|---|---|---|
| Swatch Swiss Victorian watch | Jules Jergensen | Geneve Men's Mesh Watch |



| | | |
|---|---|---|
| Geneve Men's Mesh Watch | Georg Jensen | |

OSTROLENK, FABER, GERB & SOFFEN, LLP

Older designs that demonstrate that the Skagen design is not distinctive:

| | |
|---|---|
|  |  |
| Vintage Blancpain mesh watch<br>SOURCE:<br>http://www.europeanwatch.com/9180.htm | 1930 Patek Philippe<br>SOURCE:<br>Vintage American & European Wrist Watch Price Guide<br>First Edition, by Sherry Ehrhardt & Peter Planes, published<br>by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 222 |

Hamlin's Men's Multi-Function Stainless Steel Watch and Skagen Model 331:



| | |
|---|---|
| Skagen Design 331 | Hamlin Ultra Thin |

OSTROLENK, FABER, GERB & SOFFEN, LLP

Other watches currently in the marketplace show that the Skagen design is not distinctive:



| | |
|---|---|
| Calvin Klein | Montblanc Watches |

Older designs demonstrate that the Skagen design is not distinctive:



| | | |
|---|---|---|
| 1940 **Gubelin** Source: www.farfo.com | 1940 **Clebar Valjoux** SOURCE: www.Farfo.com | Vintage Blancpain SOURCE: http://www.europeanwatch.com |

OSTROLENK, FABER, GERB & SOFFEN, LLP



| | | |
|---|---|---|
| 1940 Girard-Perregaux SOURCE: Vintage American & European Wrist Watch Price Guide First Edition, by Sherry Ehrhardt & Peter Planes, published by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 108 | | |

Hamlin's Women's Classic Stainless Steel Block Watch and Skagen Model 380:



| Skagen Design 380 | Hamlin Ultra Thin |
|---|---|

OSTROLENK, FABER, GERB & SOFFEN, LLP

Other watches currently in the marketplace show that the Skagen design is not distinctive:



| | | |
|---|---|---|
| **Hamilton Dodson Women's Steel Quartz Watch** | Bulova Ladies watch | Croton Watch |

It also appears that Skagen copied the band design from Yves St. Laurent's Lear Watch:



See the design patent discussion in the attached letter for older designs that demonstrate that the Skagen design is not distinctive.

# EXHIBIT M

# OSTROLENK, FABER, GERB & SOFFEN, LLP

**1180 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036-8403**
**TEL 212 382 0700  FAX 212 382 0888  FAX 212 398 0681**
email@ostrolenk.com

| PARTNERS | | ASSOCIATES | | OF COUNSEL | JOSPEH M. MANAK |
|---|---|---|---|---|---|
| SAMUEL H. WEINER | PETER S. SLOANE | JOEL J. FELBER** | DODIVA N. GRANT | MARTIN PFEFFER | |
| ROBERT C. FABER | KOUROSH SALEHI** | DOUGLAS Q. HAHN | VICTOR A. GROSSMAN | LAWRENCE A HOFFMAN | WASHINGTON OFFICE |
| MAX MOSKOWITZ | | MICHAEL I. MARKOWITZ | | MARTIN J. BERAN | 1725 K STREET, N. W. |
| JAMES A. FINDER | | KEITH J. BARKAUS | | PAUL GRANDINETTI* | WASHINGTON, D.C. 20006 |
| WILLIAM O. GRAY, III | | JEFF KIRSHNER | | MARK A. FARLEY | TEL 202 457 7785 |
| LOUIS C. DUJMICH | | ART C. CODY | | GEORGE BRIEGER | FAX 202 429 8919 |
| CHARLES P. LAPOLLA | | AIMEE M. ALLEN | | BELLA KARAKIS | |
| DOUGLAS A. MIRO | | DAVID J. TORRENTE | | STEPHEN J. QUIGLEY | *DC BAR |
| | | | | | **CONNECTICUT BAR |

Writer's direct e-mail:
dmiro@ostrolenk.com

July 12, 2007

**VIA E-MAIL & FEDERAL EXPRESS**

Bob Rowen, Esq.
Counsel
Skagen Designs Ltd.
640 Maestro Drive, Suite 100
Reno, NV 89511

      Re:    OFGS Ref.: 7/5052-5
                Skagen Designs Ltd. v. Genender International Inc.

Dear Mr. Rowen:

      Thank you for your June 29, 2007 letter. While we appreciate your fast response and detailed analysis, you have still not stated any viable claim for design patent or trade dress infringement. The claimed design of U.S. Patent No. D515, 947 (the '947 patent") is substantially different from the Hamlin Block watch; and none of the Skagen watch designs include any feature or combination of features that are sufficiently distinctive to constitute protectable trade dress. We note that you discontinued your prior claims of copyright infringement, trademark infringement with regard to the ULTRA THIN mark, and passing off.

      For these reasons as more fully explained below, we believe that it is unnecessary for our client to meet any of the conditions set forth at the end of your letter. We are, however, open to any further discussions that may lead to an amicable resolution of this matter.

Bob Rowen, Esq.
July 11, 2007
Page 2 of 18     OSTROLENK, FABER, GERB & SOFFEN, LLP

## DESIGN PATENT INFRINGEMENT

We strongly disagree with your position on design patent infringement with regard to the '947 patent. As set forth in our prior correspondence, the Hamlin Block watch does not meet the Gorham v. White substantial similarity test. To our knowledge, no court uses an "I know it when I see it" test to evaluate design patent infringement claims.

In particular, when you compare the figures of the patent to the Hamlin Block watch as set forth below and apply the Gorham v. White test, it is apparent that there are many differences between the designs to render them sufficiently dissimilar to avoid design patent infringement. (The proper comparison is the claimed design illustrated in the patent figures with the Hamlin Block watch, and not the Skagen model 380 with the Hamlin watch as you reference in your letter). Some of the differences are pointed out below.

Bob Rowen, Esq.
July 11, 2007
Page 3 of 18

OSTROLENK, FABER, GERB & SOFFEN, LLP



**Fig. 2**

**Hamlin**



**Fig. 1**

**Hamlin**

OSTROLENK, FABER, GERB & SOFFEN, LLP

**Fig. 3**



**Hamlin**



**Fig. 4**



**Hamlin**

### OSTROLENK, FABER, GERB & SOFFEN, LLP



Fig. 6

**Hamlin**



Fig. 5

**Hamlin**



OSTROLENK, FABER, GERB & SOFFEN, LLP

Figures 1, 4 and 6 - The Overall Shape. When you compare Figures 1, 4 and 6 to the Hamlin Block watch, it is apparent that the overall shapes of the designs are substantially different. Those figures completely omit the extended, flared-out portions on the top and bottom of the Hamlin Block watch. This feature makes the overall shapes of the designs so substantially different and apparent that an ordinary observer simply would not purchase the Hamlin Block watch thinking it to be the Skagen design.

Figures 2, 3 and 5 - The Top and Side Views. The inclusion of the flared-out portions also makes the designs substantially different from the top and side views. See Figures 2, 3 and 5. For example, when you look at the top view of Figure 3 compared to the Hamlin Block watch, the Hamlin Block watch does not include the straight and flat edge that wraps around the entire watch case as required by that figure.

Figure 6 - Rear View. If you compare Figures 3 and 6 with the rear view of the Hamlin watch, you see that not only does the Hamlin watch include the flared-out portions, but it includes a smaller back plate than the back plate of Figures 3 and 6 which covers the entire back. The edges of the Hamlin back plate are also rounded and tapered inward, whereas the edges of the back plate of the patented design are flat and extend straight away from the watch casing. These gives the Hamlin watch a substantially different stepped look that is completely omitted from the patented design.

Not only are the designs not substantially similar, but also the Hamlin Block watch does not include any novel feature of the patented design. As stated in our previous letter, in view of the prior art, we do not believe that the patented design includes any novel, ornamental feature.

You mention the following features as novel to the patented design:

> the shape or outline of a bulging rectangle, the simplicity of the presentation, the relatively thin edges of the case..., the sloping back to present a thin profile, the chrome border around the inner dial, and the two-level dial, repeating the outside shape in the face inset and then again in the date indicator.

Each of these features, however, is not novel, is functional and non-ornamental, and/or is not part of the claimed design. To the extent that you claim that the combination of these features is the point of novelty, the Federal Circuit has specifically rejected this approach. Lawman Armor Corp. v. Winner Int'l LLC, 437 F.3d 1383 (Fed. Cir. 2006).

The chrome border and the two-level dial, repeating the outside shape in the face and the date indicator, are not part of the claimed design. In fact, the face inset and the date indicator features are included in broken lines, which are specifically disclaimed in the '947 patent.

The thin edges of the case, sloping back to present a thin profile are functional, non-ornamental features that are not protectable. It is well known that "a design patent only protects the novel, ornamental features of the design patented." Unidynamics Corp. v. Automatic Prods.

OSTROLENK, FABER, GERB & SOFFEN, LLP

Int'l, 157 F.3d 1311, 1323 (Fed. Cir. 1998) (citing Oddzon Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997)).

The bulging rectangle is not novel, and has been around for a very long time. See the designs identified in our prior letter that are reproduced below for your convenience. Each of these prior art designs shows a bulging rectangle, some of which even slope back to create a thin profile.

**Bulging Rectangle Prior Art**



| | | | |
|---|---|---|---|
| The watch pictured above is a 1920 Elgin cushion watch | The watch pictured above is a 1931 Elgin watch model 1602 | 1930 Hamilton watch | |
| SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 47, 112 | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 45 | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 66 | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 155 |

Bob Rowen, Esq.
July 11, 2007
Page 8 of 18

# OSTROLENK, FABER, GERB & SOFFEN, LLP

| | | | |
|---|---|---|---|
|  WALTHAM, 1930s. |  |  | |
| The watch pictured above is a 1930 Waltham. | Vintage Omega – no lugs SOURCE: **www.brittons-watches.co.uk** | Vintage Dubey & Schaldenbrand Aerodyn – no lugs SOURCE: **www.collectorstime.com/new.htm** | |
| SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 47, 112 | | | |

## OSTROLENK, FABER, GERB & SOFFEN, LLP





| **Hamilton Dunham 1950** SOURCE: http://www.thewatchstore.com/store/200-FM.html | Illinois watch company 1920 Ultra thin tonneau shaped wristwatch SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog Number 88-62691, page 65 |
|---|---|

Even if the two level dial were somehow a claimed feature of the '947 patent, that feature is also not novel. Our brief review of the prior art found many antique watches with similar dials and a design virtually mirroring that of the design patent.







| 1928 Devon Duxbury | 1928 Hamilton, tonneau shape, double dial, sub-second hand | 1950 Longines |
|---|---|---|
| SOURCE: Vintage American & European Wrist Watch Price Guide First Edition, by Sherry Ehrhardt & Peter Planes, published by Heart of America Press, Copyrighted in 1984, ISBN: 0-913902-51-9, page 78 | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress Catalog | SOURCE: American Wristwatches, Five Decades of Style Second Edition, published by Edward Faber and Stewart Unger, Schiffer Publishing Ltd., Copyrighted in 1988, ISBN: 0-88740-146-5, Library of Congress |

OSTROLENK, FABER, GERB & SOFFEN, LLP

| | Number 88-62691, page 113 | Catalog Number 88-62691, page 201 |
|---|---|---|

Thus we believe that we would convincingly prevail in any design patent infringement action that you bring against our client. We are prepared not only to defend any such action but also to contest the validity of the '947 patent for the reasons set forth in this, and our prior correspondence. We assume you are aware of the Supreme Court's recent decision in KSR Int'l Co. v. Teleflex Inc. 27 S.Ct. 1727, 1743 (2007) where the court held that a patent was invalid as obvious because the combination of prior art elements was no more than the predictable use of prior art elements. We believe that if challenged in a court of law, the '947 patent would also be found invalid under the Supreme Court's new test for obviousness, especially in view of the simple shape of the claimed design that is readily shown in the prior art.

## TRADE DRESS INFRINGEMENT

We also believe that we would convincingly prevail in any trade dress infringement action that you bring against our client. You have still failed to state any protectable trademark right in the Skagen watch designs.

In Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205, 205 (2000), the Court stated that that an unregistered trade dress of product designs may be protected under trade dress law as long as it is: 1) distinctive; 2) non-functional; and 3) there exists a likelihood of confusion with the purported infringing product. Here, Skagen cannot prove any of these elements with regard to its watch designs.

OSTROLENK, FABER, GERB & SOFFEN, LLP

### The Skagen Watches are Not Distinctive

We stand by our position that none of the Skagen watches constitute protectable trade dress because they are simply not distinctive. None of the designs have acquired, nor are they capable of acquiring, secondary meaning. As you know, secondary meaning occurs when, "in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself." Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 851 (1982). The Seventh Circuit Court of Appeals has noted further "the term 'trade dress' refers to the appearance of a product when that appearance is used to identify the producer. To function as an identifier, the appearance must be distinctive by reason of the shape or color or texture or other visible or otherwise palpable feature of the product or its packaging. If it is not distinctive, it won't be associated in the mind of the consumer with a specific producer." *See* Publications Int'l, Ltd. v. Landoll, Inc., 164 F.3d 337, (7th Cir. 1998), cert. denied, 526 U.S. 1088 (1999). Examples of source identifiable trade dress include the COCA COLA bottle, and even the "G" on the case of a Gucci watch.

Here, our client is very familiar with the watch market and strongly disagrees with your position that the "Skagen look" as defined in your letter has acquired secondary meaning and distinctiveness. There is nothing distinctive about this alleged look that would cause a consumer to associate the look with a specific source like Skagen. Indeed, your claim of a Skagen look is mitigated by Skagen's own watch line that includes many watches that do not include these features.

Even if we were to agree with your assertion that common unprotectable elements can be combined to create a protectable trade dress, this would only occur when the combined elements create a distinct design that has acquired secondary meaning from which the consumer identifies the source of the product rather than the product itself. Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205 (2000). Here, again, no combination of elements on the Skagen watches create any kind of distinct design that has acquired secondary meaning from which the consumer identifies the source of the product rather than the product itself. [1] Many if not all of the features that you allege constitute the Skagen look are common to many third party watches made by third party manufacturers. Indeed, for each watch in the Skagen line, there are many

---

[1] *See for example* Judith Ripka Designs v. Preville, 935 F.Supp. 237, 258 (S.D.N.Y. 1996) where the court held that the designer's "ancient inspired" jewelry designs had not acquired secondary meaning, as required for trade dress protection, where primary purpose of designs was aesthetic, not source identifying. The court found that although the jewelry designed and produced by the Plaintiff uses some of the same design elements, such as beading, fluting, rope twists, green gold, semi-precious and precious stones, mystery clasps, and toggle bar and ring closures, as that of Defendant, all of these features are common in the trade and not identifiable with a particular source); *See also* Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 59 U.S.P.Q.2d (BNA) 1813 (2nd Cir. 2001) (holding that jewelry designer did not have protectable trade dress in its jewelry design, although designer stated that its trade dress was demonstrated by each piece having overall impression of a structural, almost industrial motif of twisted multi–strand cable, executed with a polished and elegant finish, set off by gemstones, designer could not identify and articulate specific common elements that made up its trade dress).

Bob Rowen, Esq.
July 11, 2007
Page 12 of 18

### OSTROLENK, FABER, GERB & SOFFEN, LLP

competitive watches that are virtually indistinguishable from the Skagen watches on the majority of key design elements.

Below, we uncovered in a cursory review of the watch market, many watches which show that the Skagen watches cannot achieve secondary meaning because they are simply not distinctive. Each of these watches includes most if not all of the features that you allege create the Skagen look. For example, the Kenneth Cole, George Olsen and Citizen collections each include watches that have a simple, thin and clean presentation with tapered sides, simple indicators with simple hands, repetition of the case shape on the face, bands integrated with the case, and/or mother of pearl and metallic blue dials.

Kenneth Cole:



| | | |
|---|---|---|
| Double dial and Case shape | Double dial; plain hands and markers | Double dial plain hands and markers |
| Tonneau case, ultra thin, double dial; simple hands | Tonneau case, ultra thin, double dial; simple hands | Double dial plain stick hands; simple numbers |

Bob Rowen, Esq.
July 11, 2007
Page 13 of 18

## OSTROLENK, FABER, GERB & SOFFEN, LLP



| Kenneth Cole sharp edge case | Kenneth Cole Sloping down case back | |

<u>Citizen</u>



| Double dial, plain markers, ultra thin | Dial is alleged "Skagen blue" | Slope down case |

<u>Georg Olsen Watches</u>
Source: http://www.tradekey.com/

Bob Rowen, Esq.
July 11, 2007
Page 14 of 18

### OSTROLENK, FABER, GERB & SOFFEN, LLP

# GEORG OLSEN
## DENMARK



*Ultra slim, sleek, Danish designs * Water resistant to 3ATM/30M/100Ft * Anti-Allergic *
* Precision Japanese Movements * Scratch-resistant mineral crystal * Japanese battery *
* Solid stainless steel cases * Stainless steel or fine leather straps * Gift Boxed *
* 10 Year Limited Warranty *

Bob Rowen, Esq.
July 11, 2007
Page 15 of 18

## OSTROLENK, FABER, GERB & SOFFEN, LLP

# GEORG OLSEN
## DENMARK



* Ultra slim, sleek, Danish designs * Water resistant to 3ATM/30M/100Ft * Anti-Allergic *

* Precision Japanese Movements * Scratch-resistant mineral crystal * Japanese battery *

* Solid stainless steel cases * Stainless steel or fine leather straps * Gift Boxed *

* 10 Year Limited Warranty *

Ｏstrolenk, Ｆaber, Ｇerb & Ｓoffen, llp

### Many Elements of the Skagen Look are Functional

Not only can Skagen not prove secondary meaning for its watch designs, but also many of the features it claims that make up the Skagen look are unprotectable, functional features. It is well known that trade dress protection may not be claimed for product features that are functional. Traffix Devices v. Mktg. Displays 532 U.S. 23, 29 (2001). A feature is functional when it is essential to the use or purpose of the device or when it affects the cost or quality of the device. The party asserting trade dress protection has the burden of proving that the asserted trade dress is not functional.

Here, we believe that the elements that Skagen claims make up the Skagen look are functional features of the watch and thus ineligible for trade dress protection. Each of the elements is essential to the use and purpose of the watch (e.g., hands, markers, thin case, strap) and affects the quality as well as cost of the watch (e.g., diamond markers, metal strap). Moreover, the two level dial serves to create the appearance of a thin watch, which makes that feature functional. Indeed many of the elements that you list as part of the Skagen look are even described in functional terms, i.e., simple and clean presentation, thin and sleek, simple indicators, simple hands, bands integrated with the case, etc.

### There is No Likelihood of Confusion Between the Skagen and Hamlin Watches

As we previously stated, there is no likelihood of confusion between the Genender watches and the Skagen watches. The two lines sell to different tiers of distribution, to different consumers and are priced differently. To mitigate any such confusion you may think can occur, Genender will agree to add a disclaimer to its product warranty informing customers that its products are in no way affiliated with Skagen. Please have your attorney contact us so we can discuss a resolution that will work for both Skagen and Hamlin.

### U.S. PATENT No. 5,870,803

We disagree with your position that any of Genender's clasp mechanisms infringe the '803 patent, and take this accusation very seriously. From your request for a Genender watch or sketch, it appears that you did not investigate this claim in good faith. If you had made a good faith investigation you would have learned that double-locking clasps to secure the free ends of watchbands are old. You also would have learned that while Genender has been using these types of clasps since at least as early as 1983 - more than a year prior to the December 31, 1997 filing date of the '803 patent - it has not used such clasps for the last 8-10 years. If, however, you can provide us with a detailed basis for your position, including the identity of any particular Genender watches that you believe are still at issue, we will surely give that our immediate attention.

**\*\*\*\***

Bob Rowen, Esq.
July 11, 2007
Page 17 of 18

# OSTROLENK, FABER, GERB & SOFFEN, LLP

In conclusion, for the above and prior reasons, Genender cannot meet any of the demands set forth in your letter. As stated above, we would welcome any opportunity to further discuss this matter to achieve an amicable resolution.

Very truly yours,

OSTROLENK, FABER, GERB & SOFFEN, LLP

Robert C. Faber
Douglas A. Miro

RCF/DAM:spm:swu

{00852386.1}

# EXHIBIT N

SKAGEN DESIGNS



OSTROLENK, FABER
GERB & SOFFEN

SEP 2 7 2007

RECEIVED

Bob Rowen
Counsel
775 336 5679
browen@skagendesigns.com

**VIA FEDERAL EXPRESS**

Robert C. Faber
Douglas A. Miro
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, NY 10036-8403

September 26, 2007

Re:     Skagen Designs vs. Genender International
        NOTICE OF INFRINGEMENT AND DEMAND TO CEASE AND DESIST

Dear Messrs. Faber and Miro:

As you know, Skagen Designs has alleged that Genender's line of Hamlin watches, as advertised on the attached brochure, infringes Skagen's trade dress and design patent rights. We further understand that such line – or a similar line – is currently offered for sale through Sears, and, accordingly, I am copying the General Counsel of Sears with this letter so that they have knowledge of our position. I urge you to provide Sears copies of Skagen's correspondence setting forth our claims.

We have discussed a proposed settlement of our dispute. Unfortunately, I understand that Genender is unwilling to agree to terms that provide Skagen meaningful protection of its intellectual property rights.

Skagen continues to assert that the Hamlin line violates Skagen's intellectual property rights, demands that Genender cease all sales of watches that infringe Skagen's intellectual property rights, and reserves all its rights.

Sincerely yours,

Robert M. Rowen
Counsel

cc:     General Counsel
        Sears Holdings Corporation
        3333 Beverly Road
        Hoffman Estates, IL 60179

Skagen Designs, Ltd. • 640 Maestro Drive • Suite 100 • Reno, NV 89511 • USA • www.skagen.com
Toll Free: 1.800.791.6784 • Telephone: 775.850.5500 • Fax: 775.850.5530 • E-Mail: designs@skagen.com
New York Showroom: 339 5th Avenue • 5th Floor • New York, NY 10016 • 212.779.5810



HAMLIN may be the most comfortable AND stylish watch you've ever worn.

Patented Double Curve Technology and Ultra Thin Case Design means less contact with your wrist, more air circulation and more comfort.



HAMLIN ULTRA THIN

HAMLO300304
$110.00

HAMLO304003
$85.00

HAMLO302002
$70.00

HAMM0304003
$75.00

HAMM0301005
$120.00

HAMLO302003
$75.00

Slim down your watch...
don't give up your style.

HAMLO301001
$125.00

HAMM0300004
$100.00

• Ultra Thin Design
• Stainless Steel Cases
• Water Resistant

# EXHIBIT O

## Art Cody

**Subject:** FW: Skagen Issue

In a message dated 10/3/2007 2:24:28 P.M. Central Daylight Time, JMCWIL1@searshc.com writes:

I need in writing what your response is to Skagen regarding the infringement accusation please.

I had legal contact me and now Holly has brought Mark into the loop as well.

Jennifer McWilliam

Buyer of Sterling Silver & Watches

3333 Beverly Road, D5-098B

Hoffman Estates, IL 60179

847.286.5434 ph

847.286.2931 fx

In a message dated 10/3/2007 2:16:56 P.M. Central Daylight Time, JMCWIL1@searshc.com writes:

FYI -

Jennifer McWilliam

Buyer of Sterling Silver & Watches

3333 Beverly Road, D5-098B

Hoffman Estates, IL 60179

847.286.5434 ph

847.286.2931 fx

-----Original Message-----
From: McWilliam, Jennifer
Sent: Wednesday, October 03, 2007 2:15 PM
To: Devlin, Linda
Cc: Thotho, Jeddidah; Tortorice, Mary; Jeannero, Jane; Cooper, Vanessa; Schmidt, Holly; Gallery, Kathy
Subject: RE: Skagen Designs v. Genender International

Linda,

1

The vendor was in today and informed me of this issue as well. They have assured me that are not infringing on any rights from Skagen. I've attached our NPPs, which are our order forms that list all the item #s we have in store or on order.

The contact is Ron Genender at 847-279-2016 or ron.genender@genender.com.

Please let me know if you need anything further.

Jennifer McWilliam

Buyer of Sterling Silver & Watches

3333 Beverly Road, D5-098B

Hoffman Estates, IL 60179

847.286.5434 ph

847.286.2931 fx

-----Original Message-----
From: Devlin, Linda
Sent: Wednesday, October 03, 2007 1:22 PM
To: McWilliam, Jennifer
Cc: Thotho, Jeddidah; Tortorice, Mary; Jeannero, Jane; Cooper, Vanessa
Subject: Skagen Designs v. Genender International

Hi Jennifer:

We were copied on a letter that Skagen Designs sent to Genender International regarding a claim Skagen has brought against Genender for trade dress and design patent infringement involving Genender's Hamilin watches.

I notice we sell several styles of Hamilin watches on Sears.com. Can you provide me with a list of item numbers for all the Hamlin watches we sell?

Also, can you provide me with our contact information at Genender (contact name address and phone number)?

Thank you very much for your assistance.

Linda - x65061

Linda R. Devlin

Senior Paralegal - Intellectual Property

3333 Beverly Road, B6-260B

Hoffman Estates, IL 60179

Phone: (847) 286-5061

Fax:  (847) 286-3379

E-Mail:  ldevli1@searshc.com

---

See what's new at AOL.com <http://www.aol.com?NCID=AOLCMP00300000001170>  and Make AOL
Your Homepage <http://www.aol.com/mksplash.adp?NCID=AOLCMP00300000001169> .

# EXHIBIT P



# EXHIBIT Q


